WILLIAM H. KIMBALL, AS RECEIVER, ETC., v. WILLARD IVES AND OTHERS.

*Parties to an action — stockholders have no legal right to be made parties to an action by a receiver of the company.*

The stockholders of a bank have no legal right to be made parties to an action brought by a receiver thereof against certain of its directors to recover the damages occasioned by their negligence and misconduct.

APPEAL from an order, entered in Jefferson county, refusing the application of Isaac H. Powers and others to be made parties plaintiff in this action, and from the whole of said order.

The application seems to have been made in order that the stockholders, seeking to be made parties plaintiff, might be enabled to prevent the receiver from accepting an offer of judgment made by the defendants, although no fraud or collusion on his part was alleged.

A motion was made to dismiss the appeal.

*H. Smith*, for the appellant.

*P. C. Williams*, for the respondent.

HARDIN, P. J.:

Isaac H. Powers and others asked to be made parties plaintiff in an action brought by the receiver of the Merchants' Bank of Water-

town against the directors of that bank for neglect of duty while acting as such directors. The plaintiff was regularly appointed receiver of such bank, and vested with the usual powers and charged with the duties appertaining to such receivership. He was a receiver for the creditors and stockholders. (Code, § 1788.) That section gives him power to maintain this action, and as plaintiff he is the real party in interest within the letter and spirit of section 449 of the Code ; and by the terms of the last cited section he was authorized to sue " without joining with him the person for whose benefit the action is prosecuted."

Appellant's learned counsel insists it was the duty of the court to make such stockholders as he represents parties plaintiff in this action, and that the court had no discretion in the premises. We cannot agree with him. We do not so construe section 452 of the Code upon which he relies. The section confers power upon the court " where a person, *not* a party to the action, has an interest in the subject thereof." And in a proper case the court must direct him to be made a party. Mr. Throop, in his note to that section, says such a power " always rests in the sound judgment of the court." The stockholders have no absolute right to be made parties to an action brought by a receiver of a corporation, to recover assets belonging to the bank or which vest in a receiver upon his appointment. Such a rule in a law action, as this is, would be an innovation, and would be burdensome and troublesome. The receiver being vested with the ownership of the cause of action, is the proper party to bring the action. If his conduct is improper or collusive he may be removed upon a proper application to the court for that purpose. *Derham* v. *Lee* (87 N. Y., 603) does not apply to the position of the appellants here as favorably as their assumption. There Sunderland had an interest in the cause of action and claimed under an assignment to own it, and he was made a party and the court held that it had the power to " adjust the rights, not only between the plaintiff and defendants, but as between the co-defendants. The opinion of Danforth, J., says : " The plaintiff's rights depend upon the extent of Sunderland's interest under the assignment of her intestate, and the defendant's liability to her upon the same question." Not so here. The receiver has a full legal title to the cause of action which he alleges in his complaint.

Defendants are liable to answer that claim to the receiver; and payment to him thereof, or a release made by him, if sanctioned by the court, will operate to discharge them.

The appellants, who are some of the stockholders of the bank, have not such an ownership or interest in the cause of action, which the plaintiff alleges against the defendants, as entitles them as a matter of right to be made parties plaintiff.

There could be a complete determination of the controversy without their being parties. (*Newman* v. *Dickson*, 5 Weekly Digest, 464.)

The Special Term exercised its discretion and applied "sound judgment" in refusing the application of the appellant.

Order affirmed, with ten dollars costs and disbursements.

PER CURIAM:

Without considering whether the order is appealable, we have come to the conclusion upon the merits, that the order should be affirmed.

As the notice of motion does not ask for costs, and as we have not deemed it useful to consider the question raised, as to whether the order is appealable, we deny the motion to dismiss the appeal, without costs.

Order affirmed, with ten dollars costs and disbursements; motion to dismiss appeal denied, without costs.